# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOWELL FINLEY,<br>CDCR #E-06421,<br><br>                    Plaintiff,<br><br>vs.<br><br>B. SILVA, et al.,<br><br>                    Defendants. | Civil No.   11-1293 H (WMc)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND DISMISSING CIVIL ACTION FOR FAILING TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)**<br><br>**[ECF No. 5]** |

## I. PROCEDURAL HISTORY

On June 10, 2010, Plaintiff, a prisoner incarcerated at Centinela State Prison in Imperial, California, and proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983.

Plaintiff did not prepay the $350 filing fee required by 28 U.S.C. § 1914(a) to commence a civil action; instead, he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [ECF No. 2].

The Prison Litigation Reform Act precludes a prisoner from proceeding *IFP* if:

> . . . the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

/ / /

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*

After reviewing Plaintiff's litigation history, this Court took judicial notice of three "strikes" Plaintiff accumulated pursuant to 28 U.S.C. § 1915(g) prior to the filing of this action. *See* June 16, 2011 Order [ECF No. 3] at 3.[1] Moreover, the Court noted Plaintiff's Complaint contained no "plausible allegation" to suggest he "faced 'imminent danger of serious physical injury' at the time of filing." *Id.* (citing *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) (hereafter "*Cervantes*"). Therefore, the Court denied Plaintiff's Motion to Proceed IFP as barred by 29 U.S.C. § 1915(g), but granted Plaintiff forty-five days leave in which to pay the full $350 civil filing fee mandated by 28 U.S.C. § 1914(a). *Id.* at 4.

Plaintiff did not pay the fee, but instead, on July 21, 2011, filed a document entitled "Notice of Appeal" [ECF No. 5]. Despite non-compliance with the Federal Rules of Civil Procedure and the Southern District's Local Rules, the Court directed the Clerk to file Plaintiff's letter and now construes it to be a Motion for Reconsideration of its June 16, 2011 Order.[2] *See Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003) ("Courts have a duty to construe pro se pleadings liberally, including pro se motions as well as complaints."); *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988) (court must construe civil rights cases filed in pro se liberally "and must afford plaintiff the benefit of any doubt;

---

[1] Plaintiff's three prior "strikes" are: 1) *Finley v. Stone*, Civil Case No. 02-4105 R (MAN) (C.D. Cal. Apr. 14, 2003) (Order dismissing action for failing to state a claim) (strike one); 2) *Finley v. Lee*, Civil Case No. 02-9627 R (MAN) (C.D. Cal. May 23, 2003) (Order adopting Findings, Conclusions and Recommendation of United States Magistrate Judge dismissing action for failing to state a claim) (strike two); and 3) *Finley v. Quinn*, Civil Case No. 04-5463 AWI (LGO) (E.D. Cal. July 1, 2005) (Order Adopting Findings and Recommendations dismissing action for failing to state a claim) (strike three).

[2] Plaintiff cannot yet appeal the Court's June 16, 2011 Order to the Ninth Circuit because no final judgment has yet to be entered in this case, and Plaintiff has not sought leave to file an interlocutory appeal. *See* 28 U.S.C. §§ 1291, 1292. "In general, only final judgments of a district court may be reviewed on appeal." *Burns v. Chandler*, 165 F.3d 1257, 1259 (9th Cir. 1999) (citing *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798 (1989)). A district court's decision in a civil case is final if it "'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *California v. Campbell*, 138 F.3d 772, 776 (9th Cir.1998) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)).

*Christensen v. CIR*, 786 F.2d 1382, 1384 (9th Cir. 1986) (liberally construing pro se taxpayer's motion to "place statements in the record" as a motion for leave to amend).

## II.  RECONSIDERATION OF 28 U.S.C. § 1915(g) BAR

### A.  Standard of Review

The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration. However, the Court may reconsider matters previously decided under Rule 59(e) or Rule 60(b). *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989); *In re Arrowhead Estates Development Co.*, 42 F.3d 1306, 1311 (9th Cir. 1994). In *Osterneck*, the Supreme Court stated that a ruling may be re-considered under Rule 59(e) motion where it involves "'matters properly encompassed in a [previous] decision on the merits.'" 489 U.S. at 174 (quoting *White v. New Hampshire Dep't of Employ't Sec.*, 455 U.S. 445, 451 (1982)). Under Rule 59(e), however, reconsideration is appropriate only if the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citations omitted).

### B.  Discussion

In his "Notice" Plaintiff claims the Court denied him permission to proceed IFP "as part of a conspiracy to cover up for prison officials because they are white and Hispanic and [he] is African-American." *See* Pl.'s Notice [ECF No. 5] ¶ 3. Plaintiff further claims the Court's June 16, 2011 Order is "defective because no Judge signed [it]," and because "the Court ignored [his] 'plausible allegations' that [he] faces imminent danger ... because the threat is coming from prison officials." (*Id.* ¶¶ 1-2.)

First, while it appears prison officials may have blocked out the Court's signature on the certified copy of the June 16, 2011 Order it served upon Plaintiff for internal security reasons, *see id.*, Ex. A, the Order was clearly signed and issued by the Court and the original signed Order is, indeed, part of the official court record in this case. *See* S.D. CAL. CIVLR 5.4(e). Second, the Court rejects any implication that it has somehow conspired with prison officials to discriminate against Plaintiff based on race simply by applying the facts to the law in such a way

as to deny Plaintiff relief as completely unsubstantiated, offensive and bordering on the frivolous. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (conclusory allegations of conspiracy insufficient to support a claim under section 1983 or 1985); *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1991) (court may dismiss as frivolous bare recitations of legal conclusions without supporting facts).

Third, and more to the point, Plaintiff claims the Court erred by "ignor[ing] [his] 'plausible allegations' that [he] faces imminent danger." (Pl.'s Notice ¶ 1.) In its June 16, 2011 Order, however, the Court did nothing of the kind. Instead, it specifically considered whether any of Plaintiff's claims might be excepted from § 1915(g)'s bar, but concluded that none of them were sufficiently plausible to support a finding that Plaintiff faced "imminent danger of serious physical injury" at the time he filed suit. (*See* June 16, 2011 Order at 2-3, *citing Cervantes*, 493 F.3d at 1055.)

Specifically, Plaintiff's Complaint alleges various acts of retaliation and conspiracy on the part of CEN officials dating back to September 2010–when Plaintiff first alleges Defendants acted "aggressively" and "manhandled" him during an escort to the Program Office. (Compl. at 5-7.) Thereafter, Plaintiff claims Defendants "fabricated" disciplinary charges against him, and damaged or confiscated several items of his personal property in retaliation for his filing inmate grievances and lodging staff complaints against them. (*Id.* at 11-15.) While these are certainly classic allegations of retaliation, they do not include any plausible claims of impending physical danger or ongoing threat to Plaintiff's health or safety. *Cf. Cervantes*, 493 F.3d at 1055 (exception to § 1915(g) satisfied by claim that defendants' failure to screen and segregate inmates with HIV and hepatitis C "put [plaintiff] at risk of contracting" those diseases, which "raise[d] the specter of serious physical injury ... [because] [t]hese diseases quite obviously cause serious health problems, and [could] result in death."); *see also Gonzales v. Castro*, 2010 WL 2471030 at *2 (E.D. Cal. June 9, 2010) (unpublished) (finding prisoner's allegations of retaliation insufficient to "constitute a real danger ... or even an ongoing threat" of "serious physical injury" under § 1915(g)); *Marshall v. Florida Dept. of Corrections*, 2009 WL 1873745 at *1 (N.D. Fla. June 27, 2009) (finding "vague and non-specific threats and 'danger' at the

hands of correctional officers ... in retaliation for [plaintiff's] persistent grievance filing," insufficient to meet § 1915(g) "imminent danger of serious physical injury" exception.)

Finally, in its June 16, 2011 Order, the Court specifically addressed Plaintiff's sole allegation of *physical* harm–a claim that Defendant De La Trinidad "manhandled" him and "gripped" his arm during a September 3, 2010 escort to the Program Office–but found that it "did not rise to the level" of an Eighth Amendment violation and was insufficient to plausibly suggest that as a result of this single incident, Plaintiff remained in "imminent danger of serious physical injury" nine months afterward when he submitted his Complaint for filing. *See* June 16, 2011 Order at 3 (citing *Cervantes*, 493 F.3d at 1055.)

In sum, this Court finds that Plaintiff's "Notice" points to no newly discovered evidence, fails to show clear error or a manifestly unjust decision, and does not identify any intervening changes in controlling law demanding a different result. *See School Dist. No. 1J*, 5 F.3d at 1263.

### III.   CONCLUSION AND ORDER

Based on the foregoing, the Court construes Plaintiff's July 21, 2011 "Notice of Appeal" [ECF No. 5] as a Motion for Reconsideration of its June 16, 2011 Order Denying his Motion for IFP and DENIES Reconsideration pursuant to FED.R.CIV.P. 59(e).

IT IS FURTHER ORDERED that this action is DISMISSED without prejudice for failure to pay the $350 civil filing fee required by 28 U.S.C. § 1914(a).

The Court further CERTIFIES that an IFP appeal from this Order would be frivolous and therefore, would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

The Clerk shall close the file.

IT IS SO ORDERED.

Dated: September 28, 2011

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT